UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

                Plaintiff,

             -against-

HELEN EVANCIE a/k/a HELEN M. EVANCIE
and DAVID PETER EVANCIE,

                Defendants.
----------------------------------------------------------X

ORDER
13-cv-00878 (ADS)(WDW)

**APPEARANCES:**

**Kriss & Feuerstein, LLP**
*Attorneys for the Plaintiff*
360 Lexington Avenue
Suite 1300
New York, NY 10017
    By: Jerold C. Feuerstein, Esq., Of Counsel

**NO APPEARANCE:**

*The Defendants*

**SPATT, District Judge.**

    On February 19, 2013, the Plaintiff Eastern Savings Bank, FSB (the "Plaintiff") commenced this action against the Defendants Helen M. Evancie and David Peter Evancie (the "Defendants") to foreclose a mortgage upon real property located at 50 Little Neck Road, Centerport, NY 11721. On August 22, 2013, the Clerk of the Court noted the default of the Defendants. On September 20, 2013, the Plaintiff moved for a default judgment. That same day, this Court referred this matter to United States Magistrate Judge William D. Wall for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether damages should be awarded, including reasonable attorney's fees and costs, and (2) whether any other relief should be granted.

1

On February 4, 2014, Judge Wall issued a thorough Report recommending that the Court enter default judgment and that the Plaintiff be granted a judgment of foreclosure and sale against the Defendants. In this regard, Judge Wall adopted the proposed Judgment, with one change - the legal fees awarded should be in the amount of $5687.50 rather than the $8,312.50 sought.

In sum, Judge Wall

> "recommend[ed] that the plaintiff be awarded the principal sum of $240,000; plus accrued interest as of August 27, 2013 in the amount of $63,787.78, plus accrued late charges in the amount of $7,558.81, plus Negative Escrow Balance in the amount of $30,993.44, plus accrued interest on the negative escrow balance in the amount of $4,166.13 for a total of principal and interest in the amount of $346,506.16; plus costs in the amount of $1,715.73, plus attorney's fees in the amount of $5687.50, for a total of $353,909.39. As provided in the proposed Judgment, the plaintiff is also entitled to Note interest going forward, as set forth in paragraph 3. The Judgment will foreclose any interest that either of the defendants has in the subject property, but the money damages apply only to defendant Helen Evancie, who executed the underlying Mortgage and Note."

To date, no objection has been filed to Judge Wall's Report and Recommendation.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Wall's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Wall's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED** that Judge Wall's Report and Recommendation is adopted in its entirety, and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment in the amount of "the principal sum of $240,000; plus accrued interest as of August 27, 2013 in the amount of $63,787.78, plus accrued late charges in the amount of $7,558.81, plus Negative Escrow Balance in the amount of $30,993.44, plus accrued interest on the negative escrow balance in the amount of $4,166.13 for a total of principal and interest in the amount of $346,506.16; plus costs in the amount of $1,715.73, plus attorney's fees in the amount of $5687.50, for a total of $353,909.39"; and it is further

**ORDERED**, that as provided in the proposed Judgment, the Plaintiff is entitled to Note interest going forward, as set forth in paragraph 3; and it is further

**ORDERED**, that the Judgment will foreclose any interest that either of the defendants has in the subject property, but the money damages apply only to defendant Helen Evancie, who executed the underlying Mortgage and Note; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to mark this case as closed.

**SO ORDERED.**

Dated: Central Islip, New York
April 18, 2014

                      ____*Arthur D. Spatt*_____
                      ARTHUR D. SPATT
                      United States District Judge